UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AMANDA MORENO, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:23-CV-4451 |
| § | |
| MICROSOFT CORPORATION, § | |
| § | |
| Defendant. § | |
| § | |

# MEMORANDUM OPINION AND ORDER

This is an employment discrimination and retaliation case in which Plaintiff Amanda Moreno ("Moreno"), proceeding *pro se*, has sued Defendant Microsoft Corporation ("Microsoft") for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"); the Americans with Disabilities Act of 1990 ("the ADA"); the anti-retaliation provisions of the Sarbanes-Oxley Act ("SOX"); and Chapter 21 of the Texas Labor Code. (Dkt. 41 at p. 3). Microsoft has moved for summary judgment on all of Moreno's federal claims. Microsoft's motion (Dkt. 62) is **GRANTED**. Moreno's federal claims are **DISMISSED WITH PREJUDICE**, and her claims under Texas state law are **DISMISSED WITHOUT PREJUDICE**. Any other pending motions are **DENIED AS MOOT**.

## FACTUAL AND PROCEDURAL BACKGROUND

Moreno began working for Microsoft in April of 2022 and was terminated on November 8, 2022. (Dkt. 41 at p. 5; Dkt. 62-10). Moreno provides very little information about her short stint with Microsoft; her live pleading, which is a form complaint available

online, contains only vague and conclusory allegations of misconduct and does not name a single person with whom Moreno worked. In their entirety, Moreno's factual allegations read:[1]

> **III. Statement of Claim**
>
> Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.
>
> A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:
>
> ☑ Failure to hire me.
> ☑ Termination of my employment.
> ☐ Failure to promote me.
> ☑ Failure to accommodate my disability.
> ☑ Unequal terms and conditions of my employment.
> ☑ Retaliation.
> ☑ Other acts *(specify)*: Threaten blacklisting, intimidation, allure to retire, hostile work environment, ostracisation, mocking, reputation harm, false accusations of negative performance
>
> (Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)
>
> B. It is my best recollection that the alleged discriminatory acts occurred on date(s)
> Between on or around June 2022 and March 2024
>
> C. I believe that defendant(s) *(check one)*:
> ☑ is/are still committing these acts against me.
> ☐ is/are not still committing these acts against me.

---

[1] The small print next to the "Other acts" box below reads: "Threaten blacklisting, intimidation, failure to rehire, hostile work environment, ostracisation [sic], mocking, reputation harm, false accusations of negative performance[.]" (Dkt. 41 at p. 4).

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

| | | |
|---|---|---|
| ✔ | race | Hispanic / Eastern Asian |
| ☐ | color | |
| ✔ | gender/sex | Female / Woman |
| ✔ | religion | Catholic / Christian |
| ✔ | national origin | American |
| ☐ | age *(year of birth)* | _____ *(only when asserting a claim of age discrimination.)* |
| ✔ | disability or perceived disability *(specify disability)* | |
| | Autism Spectrum | |

E. The facts of my case are as follows. Attach additional pages if needed.

I started working at Microsoft on or around April 28, 2022. Starting in or around June 2022, I began experiencing discriminatory behaviour covered under EEOC and ADA, as well as retaliatory behaviour and adversarial acts that violate the law based on OSHA's SOX whistleblower protection. The adversarial actions have continued to at least until on or around March 2024. Adversarial actions included in Section IIII (Statement of Claims) subsection A.
OSHA-related SOX apects of the complaint were intially brought before the OALJ, and as of March 18, 2024, has since been deferred to Federal District Court.

Dkt. 41 at pp. 4–5.

On her complaint form, Moreno lists the following causes of action:

II. **Basis for Jurisdiction**

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

- [x] Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

  *(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

- [ ] Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

  *(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

- [x] Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

  *(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

- [x] Other federal law *(specify the federal law)*:
  OSHA - Whistleblower Retaliation - Sarbanes-Oxley (SOX) Act - Section 806 (18 USC 1514A)

- [x] Relevant state law *(specify, if known)*:
  Chapter 21 of the Texas Labor Code

- [ ] Relevant city or county law *(specify, if known)*:

Dkt. 41 at p. 3.

Based on these allegations, Moreno seeks $40 million in damages. (Dkt. 41 at p. 6).

In its motion for summary judgment, Microsoft points to numerous emails and performance evaluations showing that Moreno was terminated for poor job performance. (Dkt. 62-9). For instance, a passage from Moreno's performance evaluation for the period covering September 10, 2022 through October 15, 2022 reads:

> **Manager comments:**
>
> As I stated in your August Connect, there are several concerns with your performance, and your work product continues to be insufficient and not meet the performance expectations. Given these performance gaps, you are currently not meeting the expectations for your level. As a result, I'm checking the <u>Insufficient Results</u> box. Immediate, significant, and sustained improvement is needed in your performance or your job may be at risk. I want to see you be successful at Microsoft, so please let me know what I can do to support you.

Dkt. 62-9 at pp. 19, 32.

For her part, Moreno's summary judgment briefing does not include any affidavits, deposition transcripts, or other proper summary judgment evidence and does not describe any evidence that she could provide to support her claims. (Dkt. 63; Dkt. 64). Most of the attachments to Moreno's summary judgment briefing are other briefs—also devoid of relevant evidence—that Moreno previously filed in this case supporting or opposing other motions. (Dkt. 63 at p. 10). The balance of Moreno's attachments consists of unauthenticated printouts of four email exchanges between Moreno and in-house lawyers and investigators for Microsoft. (Dkt. 64 at p. 2). The email exchanges, which took place after Moreno's termination, involve settlement demands and requests for documents during what was apparently a pre-litigation internal investigation by Microsoft; they contain no discussion of the claims on which this lawsuit is based, and Moreno herself states that the emails merely "illustrate . . . that [she] made requests for the supporting documents yet Microsoft refused to share them without going to formal litigation." (Dkt. 64 at p. 2).

Although her summary judgment briefing contains neither a formal request for additional discovery under Federal Rule of Civil Procedure 56(d) nor an affidavit complying with the requirements of Rule 56(d), Moreno contends that the Court should

deny Microsoft's motion for summary judgment because Microsoft "continues to obstruct justice by refusing to give [her] access" to unspecified documents in response to her discovery requests. (Dkt. 64 at pp. 1–2).

## LEGAL STANDARD

Federal Rule of Civil Procedure 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In deciding a motion for summary judgment, the Court must determine whether the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *Id*. at 322–23.

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an absence of a genuine issue of material fact. *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The movant, however, need not negate the elements of the non-movant's case. *See Boudreaux v. Swift Transp. Co*., 402 F.3d 536, 540 (5th Cir. 2005). The movant may meet its burden by pointing out the absence of evidence supporting the non-movant's case. *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995).

If the movant meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001). "An issue is

material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (quotation marks and footnote omitted).

In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from those facts must be reviewed in the light most favorable to the non-movant. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). However, factual controversies are resolved in favor of the non-movant "only when both parties have submitted evidence of contradictory facts." *Alexander v. Eeds*, 392 F.3d 138, 142 (5th Cir. 2004) (citation and quotation marks omitted). The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A & B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002). Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Instead, the non-movant must present specific facts which show the existence of a genuine issue concerning every essential component of its case. *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003). In the absence of any proof, the Court will not assume that the non-movant could or would prove the necessary facts. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). And Rule 56 does not impose upon the Court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment; evidence not referred to in the response to the motion for summary judgment is not properly

before the Court, even if it exists in the summary judgment record. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).

Although Moreno is proceeding pro se, "[t]he notice afforded by the Rules of Civil Procedure and the local rules" is considered "sufficient" to advise pro se parties of their burden in opposing a summary judgment motion. *Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992).

## ANALYSIS

The Court now turns to Moreno's claims for relief.

—*Title VII*

Moreno first brings a claim under Title VII, asserting that Microsoft discriminated against her based on her race, gender, religion, and national origin. (Dkt. 41 at pp. 3–4). On this record, Moreno's Title VII claims fail.

Title VII prohibits employers from discriminating based on "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). Unlawful discrimination under Title VII can be established through either direct or circumstantial evidence. *Wallace v. Methodist Hosp. Sys.* 271 F.3d 212, 219 (5th Cir. 2001). Because Moreno sets forth no direct evidence of disparate treatment, her claims are analyzed using the *McDonnell Douglas* test. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05 (1973).

Disparate treatment on the basis of a protected characteristic is a violation of Title VII. Where a plaintiff does not provide direct evidence of discrimination, Title VII claims proceed under the *McDonnell Douglas* framework. *See McDonnell Douglas Corp.*, 411 U.S. at 802–05. "Analysis under the well-established *McDonnell Douglas* framework

proceeds as follows: (1) the plaintiff must first establish a prima facie case of discrimination; (2) the burden then shifts to the defendant to provide a legitimate, nondiscriminatory reason for the employment action; and if that burden is satisfied, (3) the plaintiff must offer evidence that the proffered reason is a pretext for [prohibited] discrimination." *Knatt v. Hosp. Serv. Dist. No. 1 of E. Baton Rouge Par.*, 327 F. App'x 472, 482 (5th Cir. 2009).

To establish a prima facie case under the *McDonnell Douglas* framework, Moreno must show that: (1) she is a member of a protected class; (2) she was qualified for her position; (3) she was subject to an adverse employment action; and (4) she was treated less favorably than "similarly situated" employees who were not members of her protected class. *See, e.g., Bryan v. McKinsey & Co.*, 375 F.3d 358, 360 (5th Cir. 2004). Once a plaintiff establishes a prima facie case of discrimination, the burden of production of evidence shifts to the employer to "articulate a legitimate, nondiscriminatory reason for the adverse employment action." *Cannon v. Jacobs Field Servs. N. Am., Inc.*, 813 F.3d 586, 590 (5th Cir. 2016) (quoting *EEOC v. Chevron Phillips Chem. Co., L.P.*, 570 F.3d 606, 615 (5th Cir. 2009)).

If the employer meets its burden of production, the burden then shifts to the plaintiff to "produce evidence from which a jury could conclude that the employer's articulated reason is pretextual." *Id.* "A plaintiff may establish pretext either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or 'unworthy of credence.'" *Thomas v. Johnson*, 788 F.3d 177, 179 (5th Cir. 2015) (quoting *Laxton v. Gap, Inc.*, 335 F.3d 572, 578 (5th Cir. 2003)). "[A] plaintiff's prima facie case,

combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147–48 (2000).

Moreno has failed to provide sufficient evidence to establish the existence of a triable fact issue on her Title VII claims. Most fundamentally, Moreno has failed to provide evidence that she was treated less favorably than similarly situated employees who were not members of her protected class. To establish disparate treatment so as to present circumstantial proof of a discriminatory motive, a plaintiff must demonstrate that a similarly situated employee outside the plaintiff's protected class was treated differently. *Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 405–06 (5th Cir. 2005). For employees to have been similarly situated, those employees' circumstances "must have been nearly identical." *Perez v. Tex. Dep't of Criminal Justice*, 395 F.3d 206, 213 (5th Cir. 2004) (quotation marks omitted). "As its phrasing 'nearly identical' suggests, the Fifth Circuit narrowly construes the 'similarly situated' requirement." *Silva v. Chertoff*, 512 F. Supp. 2d 792, 803 & n. 33 (W.D. Tex. 2007) (collecting cases). The record contains no evidence that any coworker—let alone a coworker of a different race, gender, religion, or national origin—was treated differently than Moreno was under nearly identical circumstances. Accordingly, the evidence in the summary judgment record does not establish a triable fact issue on Moreno's Title VII claims.

*—The ADA*

Next, Moreno brings a claim under the ADA, asserting that she is on the autism spectrum. (Dkt. 41 at pp. 3–4). On this record, Moreno's ADA claims fail as well.[2]

The ADA requires employers to make reasonable accommodations to a known disability of an otherwise qualified employee, unless the accommodation would impose an undue hardship. 42 U.S.C. § 12112. "To prevail on a failure-to-accommodate claim, an employee must show: (1) they are a qualified individual with a disability, (2) the disability and its consequential limitations were known by the employer, and (3) the employer failed to make reasonable accommodations for those limitations." *Ray v. Columbia Brazoria Independent School District*, No. 4:23-CV-145, 2024 WL 1252362, at *4 (S.D. Tex. Mar. 22, 2024); *see also Neely v. PSEG Texas, Limited Partnership*, 735 F.3d 242, 247 (5th Cir. 2013). To be "qualified" under the ADA, the employee must be able to perform the essential functions of the job with or without reasonable accommodation. *Credeur v. Louisiana Through Office of Attorney General*, 860 F.3d 785, 792 (5th Cir. 2017); *see also*

---

[2] It is unclear whether Moreno intends for her ADA claim to be a claim that Microsoft discriminated against her based on her disability or a claim that Microsoft failed to make a reasonable accommodation for her disability. The Court will analyze Moreno's claim as a failure-to-accommodate claim. However, the Court notes that a claim of discrimination under the ADA would fail on this record because, even assuming that Moreno is disabled within the meaning of the statute, she has not presented any evidence that any non-disabled coworker was treated differently than she was under nearly identical circumstances. *See Gosby v. Apache Industrial Services, Inc.*, 30 F.4th 523, 525–26 (5th Cir. 2022) (applying the *McDonnell Douglas* framework to an ADA discrimination claim); *Tabatchnik v. Continental Airlines*, No. 4:06-CV-1095, 2006 WL 3499524, at *2–6 (S.D. Tex. Dec. 5, 2006) (same) ("Because plaintiff has failed to present any evidence from which a reasonable trier of fact could conclude that Chu and/or Quayle were in nearly identical circumstances to plaintiff but, unlike plaintiff, did not suffer the adverse employment action of discharge, plaintiff has failed to raise a genuine issue of material fact for trial on the issue of disparate treatment.").

*Foreman v. Babcock & Wilcox Co.*, 117 F.3d 800, 808 (5th Cir. 1997) ("Thus, while the ADA focuses on eradicating barriers, the ADA does not relieve a disabled employee or applicant from the obligation to perform the essential functions of the job. To the contrary, the ADA is intended to enable disabled persons to compete in the work-place based on the same performance standards and requirements that employers expect of persons who are not disabled.") (quotation marks and brackets omitted). "Where the disability, resulting limitations, and necessary reasonable accommodations, are not open, obvious, and apparent to the employer, as is often the case when mental disabilities are involved, the initial burden rests primarily upon the employee, or his health-care provider, to specifically identify the disability and resulting limitations, and to suggest the reasonable accommodations." *Taylor v. Principal Financial Group, Inc.*, 93 F.3d 155, 165 (5th Cir. 1996); *see also E.E.O.C. v. Chevron Phillips Chemical Co., LP*, 570 F.3d 606, 621 (5th Cir. 2009) ("An employee who needs an accommodation because of a disability has the responsibility of informing her employer.").

Moreno has not presented any evidence to establish any of the elements of her ADA claim. She has not pointed to evidence showing that she was able to perform the essential functions of her job with or without reasonable accommodation; that Microsoft knew about her disability and its consequential limitations; or that she requested, and was denied, reasonable accommodations for her disability. Moreover, she has not presented evidence showing that her disability, resulting limitations, and necessary reasonable accommodations were open, obvious, and apparent to Microsoft. Accordingly, the

evidence in the summary judgment record does not establish a triable fact issue on Moreno's ADA claims.

*—SOX*

Next, Moreno brings a claim under the anti-retaliation provisions of SOX. On this record, Moreno's claims under SOX fail.

The SOX whistleblower statute creates a private cause of action for employees of publicly traded companies who are retaliated against for engaging in certain protected activity. *Allen v. Administrative Review Board*, 514 F.3d 468, 475 (5th Cir. 2008). To prevail in such an action, "an employee must prove by a preponderance of the evidence that (1) she engaged in protected activity; (2) the employer knew that she engaged in the protected activity; (3) she suffered an unfavorable personnel action; and (4) the protected activity was a contributing factor in the unfavorable action." *Id.* at 475–76 (footnotes omitted). "Protected activity," as defined by the statute, is:

> any lawful act done by the employee—
>
> (1) to provide information, cause information to be provided, or otherwise assist in an investigation regarding any conduct which the employee reasonably believes constitutes a violation of [18 U.S.C. §] 1341, 1343, 1344, or 1348, any rule or regulation of the Securities and Exchange Commission, or any provision of Federal law relating to fraud against shareholders, when the information or assistance is provided to or the investigation is conducted by—
>
> (A) a Federal regulatory or law enforcement agency;
>
> (B) any Member of Congress or any committee of Congress; or
>
> (C) a person with supervisory authority over the employee (or such other person working for the employer who has the authority to investigate, discover, or terminate misconduct); or

> (2) to file, cause to be filed, testify, participate in, or otherwise assist in a proceeding filed or about to be filed (with any knowledge of the employer) relating to an alleged violation of [18 U.S.C. §] 1341, 1343, 1344, or 1348, any rule or regulation of the Securities and Exchange Commission, or any provision of Federal law relating to fraud against shareholders.
> 18 U.S.C. § 1514A(a).

In order to constitute protected activity, the employee's actions "must definitively and specifically relate to one of the six enumerated categories found in § 1514A: (1) 18 U.S.C. § 1341 (mail fraud); (2) 18 U.S.C. § 1343 (wire fraud); (3) 18 U.S.C. § 1344 (bank fraud); (4) 18 U.S.C. § 1348 (securities fraud); (5) any rule or regulation of the SEC; or (6) any provision of federal law relating to fraud against shareholders." *Allen*, 514 F.3d at 476–77. A "contributing factor in an unfavorable action," within the meaning of the statute, is "any factor, which alone or in combination with other factors, tends to affect in any way the outcome of the decision." *Id.* at 476 n.3 (quotation marks omitted).

Moreno has not presented any evidence to establish the first, second, or fourth elements of her SOX claim. She has not pointed to evidence showing that she engaged in protected activity within the meaning of SOX's whistleblower provisions; that Microsoft knew that she engaged in protected activity; or that her engaging in protected activity was a contributing factor in her termination. Accordingly, the evidence in the summary judgment record does not establish a triable fact issue on Moreno's SOX claims.

—*Federal Rule of Civil Procedure 56(d)*

Finally, Moreno contends that the Court should deny Microsoft's motion for summary judgment because Microsoft "continues to obstruct justice by refusing to give [her] access" to unspecified documents in response to her discovery requests. (Dkt. 64 at

pp. 1–2). Although Moreno's summary judgment briefing does not contain a formal request for additional discovery under Federal Rule of Civil Procedure 56(d), the Court construes Moreno's argument as a Rule 56(d) motion.

The Court will deny Moreno's Rule 56(d) motion. Rule 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or take discovery; or (3) issue any other appropriate order.
> Fed. R. Civ. P. 56(d).

To win relief, a Rule 56(d) movant must show: (1) that additional discovery will create a genuine issue of material fact; and (2) that he or she diligently pursued discovery. *Bailey v. KS Management Services, L.L.C.*, 35 F.4th 397, 401 (5th Cir. 2022). The Rule 56(d) movant "may not simply rely on vague assertions that discovery will produce needed, but unspecified, facts." *Smith v. Regional Transit Authority*, 827 F.3d 412, 423 (5th Cir. 2016) (quotation marks omitted).

Moreno's Rule 56(d) motion does not include an affidavit or declaration, which alone is fatal to her request. *Scotch v. Letsinger*, 593 Fed. App'x 276, 278 (5th Cir. 2014); *Leza v. City of Laredo*, 496 Fed. App'x 375, 377–78 (5th Cir. 2012). Even apart from her failure to provide the necessary affidavit or declaration, Moreno has made no showing that she diligently pursued discovery or that additional discovery would create a triable fact issue. First, the docket in this case reflects that Moreno served her discovery requests on Microsoft twelve days before the discovery deadline, rendering her requests improper and untimely under the Court's docket control order. (Dkt. 40; Dkt. 60 at p. 1). Second, Moreno has "failed to identify sufficiently specific or material evidence to affect a summary

judgment ruling." *Smith*, 827 F.3d at 423. Moreno's summary judgment briefing does not explain what documents she needs or what those documents will prove. Instead, her allegations amount to "vague assertions that discovery will produce needed, but unspecified, facts[;]" and those allegations are accordingly insufficient to obtain relief under Rule 56(d). *Id.*

## CONCLUSION

For the reasons stated above, Microsoft's motion for summary judgment (Dkt. 62) is **GRANTED**. Moreno's federal claims are **DISMISSED WITH PREJUDICE**, and her claims under Texas state law are **DISMISSED WITHOUT PREJUDICE**.[3] Any other pending motions are **DENIED AS MOOT**.

The Court will enter a separate final judgment.

SIGNED at Houston, Texas on December 12, 2024.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE

---

[3] Moreno filed this case solely under 28 U.S.C. § 1331, the federal question jurisdiction statute. (Dkt. 1 at p. 3). It is not apparent from the face of Moreno's pleadings that the Court has diversity jurisdiction over Moreno's state-law claims, and the Court declines to exercise supplemental jurisdiction over those claims. *See Brookshire Bros. Holding, Inc. v. Dayco Products, Inc.*, 554 F.3d 595, 602 (5th Cir. 2009) ("The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial[.]").